UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO SIA,<br><br>            Petitioner,<br><br>    v.<br><br>ICE ENFORCEMENT REMOVAL OPERATION,<br><br>            Respondent. | Case No. 1:13-cv-00742-LJO-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION FOR PETITIONER'S FAILURE TO PROSECUTE AND FOLLOW AN ORDER OF THE COURT AND TO DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

    Petitioner alleges that he is being detained by the United States Immigration and Customs Enforcement (ICE), and he is proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.

    Pending before the Court are 1), the petition, which was filed on May 17, 2013, 2) a notice entered on the docket on July 11, 2013, indicating that this Court's order granting Respondent additional time to supplement a motion to dismiss, which had been served by mail on Petitioner at his address listed on the docket on June 25,

1

2013, had been returned from Petitioner's former institution of confinement as "Undeliverable, Not in Custody," and 3) another notice entered on the docket on July 17, 2013, indicating that the Court's second order regarding consent, which had been served by mail on Petitioner on July 2, 2013, had been returned from Petitioner's former institution of confinement as "Undeliverable, Not in Custody."

## I. Dismissal of the Petition

Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Further, Local Rule 110 provides:

> Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th

Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In the instant case, over sixty-three (63) days have passed since Petitioner's mail was first returned, and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, because the petition has been pending for a lengthy period, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal,

since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the Court has reviewed the "consideration of alternatives" requirement. <u>See</u>, <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424. The Court's order dated May 17, 2013, and served by mail on Petitioner on the same date, expressly informed Petitioner that each party appearing in propria persona was under a continuing duty to notify the Clerk and all other parties of any change of address by filing a separate notice; absent such notice, service at a prior address should be fully effective. (Doc. 2, 2.) Because Petitioner has failed to inform the Court of his new address, it is not possible for the Court to communicate with Petitioner or to explore any alternatives short of dismissal of the case.

    The Court concludes that dismissal is appropriate.

II. <u>Recommendations</u>

    Accordingly, it is RECOMMENDED that:

    1)  The petition be DISMISSED without prejudice for Petitioner's failure to follow the order of the Court and failure to prosecute the action; and

    2)  The Clerk be DIRECTED to close the action because an order of dismissal would terminate the proceeding in its entirety.

    These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

4

Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 18, 2013**         /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE